Konrad v. Epley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
        DENNIS JACOBS,
        REENA RAGGI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

EVELYN KONRAD,
        Plaintiff-Appellant,

        -v.-                                    13-4885

MARK EPLEY, PAUL ROBINSON, ELBERT W.
ROBINSON, JR., DENIS GUERIN, MELINDA
QUINTIN, WILLIAM BROWN, and DONALD
QUINTIN,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                  EVELYN KONRAD, New York, New
                                York.

1

**FOR APPELLEES:**                    DAVID H. ARNTSEN, Devitt
                                     Spellman Barrett, LLP,
                                     Smithtown, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Evelyn Konrad appeals from the judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>), granting defendants-appellees' motion to dismiss and denying her motion to amend. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo the grant of a motion to dismiss, <u>Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.</u>, 737 F.3d 166, 176 (2d Cir. 2013), and the denial as futile of a motion to amend, <u>Nielsen v. Rabin</u>, 746 F.3d 58, 62 (2d Cir. 2014). Upon such review, we affirm the district court for substantially the reasons set forth in its decision below.

Among other deficiencies addressed by the district court, Konrad's complaint fails to identify a constitutionally protected interest. Land use decisions by a municipal regulator do not implicate a constitutionally protected property interest unless the regulator lacked discretion to make the decision it did. <u>Gagliardi v. Vill. of Pawling</u>, 18 F.3d 188, 191-93 (2d Cir. 1994). Konrad alleges that the Village defendants acted unlawfully by amending a zoning ordinance and approving private construction consistent with the ordinance as amended, in contravention of the Village's pre-existing comprehensive plan.[1] Under New York law, however, a town may enact zoning

---

[1] "Village defendants" refers to Mark Epley, Paul Robinson, and Elbert W. Robinson, Jr., all of whom participated in the Village of Southampton's land use decisions in some way. Konrad's constitutional claims against Denis Guerin, Melinda Quintin, William Brown, and Donald Quintin--the private defendants--fail because "[a]ction taken by private entities with the mere approval

ordinances that supersede its comprehensive plan. <u>Orange Lake Associates, Inc. v. Kirkpatrick</u>, 21 F.3d 1214, 1223-24 (2d Cir. 1994). Accordingly, the Village defendants' land use decisions violated no protected constitutional right, and Konrad's failure to receive notice of those decisions did not violate procedural due process. <u>Gagliardi</u>, 18 F.3d at 193 ("The deprivation of a procedural right to be heard, however, is not actionable when there is no protected right at stake.").

For the foregoing reasons, and finding no merit in Konrad's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

or acquiescence of the State is not state action," <u>Tancredi v. Metro. Life Ins. Co.</u>, 316 F.3d 308, 313 (2d Cir. 2003) (quoting <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 52 (1999)), and because, as discussed above, Konrad has failed to allege any constitutional violation by the state actors.